**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No. 95-40672

---

PAULINE MORRIS,

Plaintiff-Appellee,

VERSUS

WAL-MART STORES, INC.,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Texas
3:94-CV-15

---

May 29, 1996

Before JOLLY, DUHÉ, STEWART, Circuit Judges.

DUHÉ, Circuit Judge:[1]

Wal-Mart appeals the district court's denial of its motions
for summary judgment, judgment as a matter of law, and new trial in
this "slip-and-fall" case. Because the jury could reasonably infer

---

[1]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

that Wal-Mart had constructive knowledge of the dangerous condition on its floor, we affirm.

## BACKGROUND

Pauline Morris fell after slipping on a clear liquid on the drapery aisle of Wal-Mart. After her accident, Morris observed a "puddle of water" that was "approximately two feet long and two feet wide." Morris also testified that during the few minutes before the accident she did not see a Wal-Mart employee or customer on this aisle.

However, Wal-Mart employee Ruth Ann Harris testified that she had walked the aisle where Morris fell approximately one minute prior to the fall but had not seen any liquid substance on the floor. Upon arriving at the scene of the accident, Harris saw a spill that was "six inches in diameter." Harris was the last Wal-Mart employee on the drapery aisle before the fall. No evidence establishes either the source of the spill or the length of time between the spill and the accident.

Wal-Mart filed for summary judgment, arguing that Morris failed to prove that Wal-Mart had actual or constructive knowledge of the condition causing the slip-and-fall. The district court denied summary judgment. At the close of Morris's case, Wal-Mart moved for judgment as a matter of law. The district court refused the motion. At the close of all the evidence, Wal-Mart again moved for judgment as a matter of law. The court reserved ruling and allowed the case to go to the jury.

The jury returned a verdict against Wal-Mart for $90,186.43

2

together with post-judgment interest.  Wal-Mart then renewed its motion for judgment as a matter of law and filed an alternative motion for a new trial.  The district court denied these motions.

Wal-Mart now argues that because the evidence did not permit the jury to infer knowledge, the district court erred by denying its motions for summary judgment, judgment as a matter of law, and new trial.  After considering all of the evidence, we hold that the district court properly accepted the jury's verdict.

## DISCUSSION

### A.  Judgment as a Matter of Law

Appellant contends that the district court erred by not entering judgment as a matter of law.  Under the standard established in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969) (en banc), judgment as a matter of law should only be granted when the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict.  In reviewing the district court's refusal to grant Wal-Mart judgment as a matter of law, we must consider all the evidence in the light most favorable to Morris.  If reasonable and fair-minded persons in the exercise of impartial judgment could reach different conclusions, we must defer to the jury's verdict. Solis v. Rio Grande City Independent School, 734 F.2d 243, 247 (5th Cir. 1984).

This is a diversity action in which Texas law applies.  Under Texas law, the elements of a premises liability cause of action are: (1) Actual or constructive knowledge of some condition on the

3

premises by the owner or operator; (2) the condition posed an unreasonable risk of harm; (3) the owner or operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or operator's failure to use such care proximately caused the plaintiff's injuries. Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983).

The first element, actual or constructive knowledge of the condition, is the central issue in this appeal. An owner has sufficient knowledge of a condition to be liable for the injuries caused by the condition if the plaintiff proves that the defendant knew that a foreign substance "was on the floor and negligently failed to remove it" or "that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care." Keetch v. Kroger Co., 845 S.W.2d 262, 265 (Tex. 1992).

We hold that the evidence permitted the jury to infer constructive knowledge. The testimony was sufficient to establish that (1) a substantial puddle of liquid was in the drapery aisle when the plaintiff fell; (2) a Wal-Mart employee was present on that aisle a few moments before Morris fell; and (3) even though the employee was on the aisle immediately before the fall, she did not see a puddle. From these facts, the jury could reasonably conclude that if the employee had conducted a reasonable investigation of the drapery aisle she would have discovered the puddle. Alternatively, the jury could have disbelieved that the employee inspected the aisle sixty seconds before the accident and

instead credited Morris's testimony that for a few minutes prior to her fall she remained alone on the aisle. In either case, "[i]t was within the province of the jury to judge the credibility of these witnesses and the weight to be given their testimony, and this Court will not substitute its findings for those of the trier of fact." Johnson v. Kroger, Inc., 623 S.W.2d 479, 481 (Tex.App.-- Corpus Cristi 1981, no writ).

While it is conceivable that another customer spilled the liquid after the employee left the aisle and before Morris fell, the jury could have considered such an occurrence unlikely given the short time between the two events. Although "other inferences can be drawn, we must accept that inference most favorable to the jury finding, and reject those inferences to the contrary." McClure v. Allied Stores of Texas, Inc., 608 S.W.2d 901, 904 (Tex. 1980). Thus, because the evidence permits the requisite inference, we defer accordingly to the jury's verdict. B. Evidence Considered in Denying Judgment as a Matter of Law

In ruling on Wal-Mart's renewed motion for judgment as a matter of law, the district court stated: "if the defendant submits evidence which support the jury's verdict after the court erroneously denies a motion for judgment as a matter of law, such error is waived." Slip Op. at 3. Thus, the district court concluded that "the only question is whether at the close of all the evidence a reasonable jury could have reached a verdict in favor of the plaintiff, as it did." Id. Wal-Mart contends that this analysis is flawed.

5

We disagree.  This Court has held that a defendant waived its motion for directed verdict when the "defendant offered defensive evidence after denial of the motion and failed to renew it at the close of all the evidence." Frontier Airlines, Inc. v. Sky Chefs, Inc., 447 F.2d 1351, 1353 (5th Cir. 1971).  However, "[i]f the motion for directed verdict is renewed at the close of all the evidence, the court will decide it according to the record as it then stands." Trustees of Univ. of Pa. v. Lexington Ins. Co., 815 F.2d 890, 903 (3rd Cir. 1987).  The district court properly applied this rule and considered all of the evidence in deciding Wal-Mart's renewed motion for judgment as a matter of law.

C.  Summary Judgment

Wal-Mart next argues that the district court erred by not granting its motion for summary judgment.  However, we cannot review the pretrial denial of Appellant's summary judgment motion. "This Court has already held that an interlocutory order denying summary judgment is not to be reviewed where final judgment adverse to the movant is rendered on the basis of a subsequent full trial on the merits." Black v. J.I. Case Co., Inc., 22 F.3d 568, 570 (5th Cir.), cert. denied, 115 S. Ct. 579 (1994).

D.  New Trial

A trial judge's ruling on a motion for new trial is reviewed for an abuse of discretion.  Further, this Court has emphasized that review is more deferential when the trial court upholds the jury's verdict. Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 986 (5th Cir. 1989).  All the evidence must be viewed in the light most

6

favorable to the jury's verdict, and the verdict must be affirmed unless the evidence points "so strongly and overwhelmingly in favor of one party" that the reviewing court believes that reasonable people could not arrive at a contrary conclusion. Id. at 987 (citing Whatley v. Armstrong World Indus., Inc., 861 F.2d 837, 839 (5th Cir. 1988); Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969)). Because the jury could reasonably infer that Wal-Mart had constructive knowledge of the spill, the verdict is not against the great weight of the evidence.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.